IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY DUKE

       Petitioner,

v.                                                      CIV  NO. 03-1215 BB/ACT

TIM LEMASTER, Warden,

       Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent Tim LeMaster's Motion to Dismiss the Petition for a Writ of Habeas Corpus.  The Motion was filed on November 24, 2003 and Petitioner has not responded. (Doc. No. 9).  The United States Magistrate Judge, having reviewed the Petition, the Motion to Dismiss, the Memorandum in Support, the Answer, and the accompanying Exhibits finds that the Motion to Dismiss is well taken and recommends that it be GRANTED.

PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

   1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Corrected Judgment and Sentence of the Fifth Judicial District Court, County of Lea, State of

New Mexico in case No. CR 2000-16.  (Answer, Exhibit C).  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner was convicted on August 2, 2001, when a jury found Petitioner guilty of the crime of Criminal Sexual Penetration of a Minor, a second degree felony.  The crime was committed sometime in 1997.

3.  Petitioner was sentenced to serve a term of nine (9) years followed by two (2) years of parole. (Answer, Exhibit C).

4.  Petitioner was tried twice for this crime.  The first jury trial in February, 2001, ended in a hung jury.  The second jury trial in August, 2001, ended in a verdict of guilty.  Petitioner was represented by the same counsel during all the proceedings through his sentencing, including both his jury trials. (Answer, Exhibit E).

5.  Petitioner filed a timely appeal to the New Mexico Court of Appeals. His docketing statement included two issues which are relevant to this Petition for a Writ of Habeas Corpus: 1) Whether the Petitioner received ineffective assistance of counsel; and 2) Whether the Criminal Information alleging the offense occurred sometime in 1997 was sufficient to give the Petitioner notice of the crime charged.  (Answer, Exhibit E).

6. The New Mexico Court of Appeals proposed summary affirmance.  (Answer, Exhibit F).  Petitioner's appellate counsel filed a Memorandum in Opposition.  (Answer, Exhibit G).

7.  The New Mexico Court of Appeals affirmed Petitioner's conviction on April 9, 2002 in a written opinion.  (Answer, Exhibit H).

8.  Petitioner filed a timely Writ of Certiorari in the Supreme Court of New Mexico through his appellate counsel, but certiorari was denied.  (Answer, Exhibits I and J).  Petitioner

did not apply for certiorari to the Supreme Court of the United States.

    9.  On July 21, 2003, Petitioner filed a Petition for a Writ of Habeas Corpus in the Fifth Judicial District Court, County of Lea, State of New Mexico.  (Answer, Exhibit L).  The Petition presented five claims:

      A) Petitioner was denied his state and federal constitutional rights to effective assistance of counsel at trial because his attorney failed to present a defense at trial and there is a reasonable probability that but for his attorney's failure, the outcome of the trial would have been different.

      B) Petitioner was denied his state and federal constitutional rights to effective assistance of counsel at trial because his attorney refused to allow the Petitioner to testify on his behalf at trial and there is a reasonable probability that but for his attorney's failure, the outcome of the trial would have been different.

      C) Petitioner was denied his state and federal constitutional rights to effective assistance of counsel at trial because his attorney refused to call witnesses on behalf of the Petitioner at trial and there is a reasonable probability that but for his attorney's failure, the outcome of the trial would have been different.

      D) Petitioner was denied his state and federal constitutional rights to effective assistance of counsel at trial because his attorney failed to request a bill of particulars prior to trial and this prejudiced the Petitioner in the presentation of his defense at trial.

      E) Petitioner was denied his state and federal constitutional rights to a fair trial because of the cumulative errors his attorney made prior to and during his trial.

    10.  The Statement of Facts described the second jury trial.  (Answer, Exhibit L).  At the

first trial, Petitioner's attorney had called one witness to testify and the trial ended in a hung jury. At the second trial, the only evidence presented was the testimony of the teen victim who described the attack by Petitioner, her mother's boyfriend. (Petitioner subsequently became her step-father.)

She testified that sometime in 1997 Petitioner came into the room where she was watching television. He dragged her out of the room by her hair as she was screaming, past a room occupied by her two brothers and past the kitchen where her older sister was cooking dinner. Her siblings did nothing. Petitioner took her to his room where he ordered her to remove her clothes. He told her it would hurt worse if she wasn't quiet. She testified that at that point Petitioner penetrated her, then wiped himself off and went back to the living room. The victim went back to her bedroom.

Petitioner's attorney cross-examined the victim. At the close of the state's case, Petitioner's attorney moved for a directed verdict. It was denied. A recess was called for lunch. Prior to the recess, Petitioner's attorney had told Petitioner that he and his witnesses, including the mother, sister and brother of the victim, would be testifying after lunch.

When the trial began after lunch, Petitioner's attorney announced that the Petitioner and his witnesses would not be testifying and that the defense rested. Petitioner became upset and a short recess was called so Petitioner and his attorney could meet privately. Petitioner expressed his wish that he testify and that his witnesses testify. His attorney told him it wasn't necessary and that he was not going to call any witnesses. They returned to the courtroom and Petitioner's attorney informed the court that the defense rested.

Petitioner included four affidavits in his state Petition for a Writ of Habeas Corpus. The

affidavits stated what the testimony might have been had Petitioner and his three witnesses testified at trial.  Petitioner's affidavit states that he would have testified that the events described by the victim never happened.  The affidavit of victim's mother, who testified at the first trial, states that she would have testified as she did at the first trial.  The affidavits of the sister and brother of the victim state that they would have testified that the events described by the victim never happened.  (Answer, Exhibits 2-5 to Exhibit L).

11. The State of New Mexico responded to Petitioner's Application for a Writ of Habeas Corpus and argued that there was no need for an evidentiary hearing.  (Answer, Exhibit M).

12. New Mexico District Court Judge Gary Clingman denied the Application.  His Order read:

THIS MATTER having come before the Court upon Petition of Jerry Duke, and the Court having considered said Petition and the Respondent's Response thereto and the Court being familiar with the trial of this case as its Trial Judge and being fully advised in these premises FINDS that said Petition should be and IS DENIED as a matter of law.

(Answer, Exhibit N).

13. Petitioner filed a Petition for a Writ of Certiorari with the Supreme Court of New Mexico.  Petitioner presented the same claims and argued that an evidentiary hearing should have been held.  The Petition was denied.  (Answer, Exhibits O and P).

14. On October 21, 2003, Petitioner filed his timely *pro se* federal Petition for a Writ of Habeas Corpus. (Doc. No. 1).  The Petition copied almost verbatim the five claims presented originally in his state Application for a Writ of Habeas Corpus alleging ineffective assistance of counsel.  Petitioner merely substituted "federal constitutional right" for "state and federal constitutional rights" in each claim.  The Statement of Facts included in his *pro se* federal Petition was the same as that presented in his state Application for the writ.  (Doc. No.1).

15.  Respondent answered and moved to dismiss on November 24, 2003.  (Docs. No. 8 and 9).

## DISCUSSION

16.  The federal statute governing applications for a writ of habeas corpus, 28 U.S.C. §2254, states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

17.  Respondent argues that all the ineffective assistance of counsel claims have been considered on the merits by the New Mexico Court of Appeals and/or by the New Mexico State District Court Judge who conducted the trial.  The adjudication of these claims have resulted in two decisions, both rejecting Petitioner's arguments.  Respondent contends that none of the adjudications of these claims of ineffective assistance of counsel resulted in decisions that were contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  (Doc. No. 10).

18.  This Court agrees with Respondent that all five claims of ineffective assistance of counsel presented in this federal Petition have been considered on the merits by either the New

Mexico Court of Appeals or Judge Clingman who presided over Petitioner's trial. Judge Clingman's opinion, quoted above, states both that he was fully advised in the arguments presented and was familiar with the trial in question. *See, Aycox v. Lytle*, 196 F. 3d 1174 (10th Cir. 1999).

19. The only remaining question is whether the adjudications on the merits resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law or resulted in an unreasonable determination of the facts. Clearly established federal law holds that to establish the ineffective assistance of counsel, Petitioner must establish both that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is attorney conduct which is outside "the wide range of competence demanded of attorneys in criminal cases." *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996).

20. Petitioner's trial counsel represented Petitioner competently in a variety of proceedings. The attorney forced a remand to magistrate court after forcing the State to amend the criminal information. He zealously represented Petitioner in the first trial which ended in a hung jury. (Answer, Exhibit M). In the second trial, during voir dire, he took considerable time to explore the venire panel's views on the Petitioner's right not to testify. He educated the jury on the role of the defense. He vigorously cross-examined the victim witness, particularly on the time and circumstances of the rape. (Answer, Exhibit M).

21. The decision not to call either Petitioner or his witnesses to testify was a tactical decision. Petitioner presented affidavits with his state Petition for the Writ of Habeas Corpus that he and his witnesses would have testified that the events as they were described by the victim

never happened. However, Respondent points out that by placing either Petitioner or these witnesses on the stand, each could have been impeached to some extent. Petitioner's wife, who is also the mother of the victim, could have been confronted by her statement to the police that Petitioner was too drunk to remember whether he had sex with the victim. (Answer, Exhibit M). Victim's sister could have been impeached with her statement that she had a sexual relationship with Petitioner. (Answer, Exhibit M). Victim's brother testimony could have been impeached with the police report that the brother had a hard time answering their questions and that he was a special education student. (Answer, Exhibit M).

Trial counsel had already used victim's mother as a witness in the first trial to rebut victim's story. That testimony did not lead to an acquittal. In the second jury trial, Petitioner's wife was held in contempt twice for disrupting court proceedings. (Answer, Exhibit F, citing to R.P. 119, 123).

> 22. [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland v. Washington*, 466 U.S. 668, 689 (1984), quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

Having had the experience of the first trial, Petitioner's trial attorney made a tactical decision in the second trial not to call the available witnesses or to have the Petitioner testify. The Petitioner is unable to overcome the presumption that under these circumstances, this decision fell within the range of sound trial strategy. Therefore, Petitioner has been unable to meet even one of the tests of *Strickland* - that his attorney's conduct was deficient.

23. Trial counsel's decision not to request a bill of particulars did not prejudice the

8

Petitioner in his defense. Petitioner was not presenting an alibi defense but had planned on presenting testimony that the events described by the victim never happened. (Answer, Exhibits 2-5 to Exhibit L). Even assuming for purposes of argument only, that Petitioner's attorney should have requested a bill of particulars, Petitioner is unable to demonstrate that obtaining a bill of particulars would have caused the result of his second trial to be different. *See Strickland, supra*, at 694. Therefore, Petitioner is unable to meet even one of the two tests of clearly established federal law, as stated in *Strickland v. Washington, supra*, that his attorney's representation must not only be deficient but that the deficiency was prejudicial to the defense.

24. Lastly, Petitioner impliedly argues that he should be granted an evidentiary hearing. "A petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction." *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998), quoting *Young v. Herring*, 938 F. 2d 543, 560 n.12 (5th Cir. 1991), *cert. denied*, 503 U.S. 940 (1992). Petitioner has not presented any facts that show either that his attorney's representation fell outside the range of reasonable professional assistance or that his attorney's alleged deficient performance prejudiced his defense. Petitioner has not presented this Court with the facts which would necessitate an evidentiary hearing. This Court recommends Petitioner's implied request for an evidentiary hearing be denied.

RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED, that Petitioner's implied request for an evidentiary hearing on the claims of ineffective assistance of counsel be DENIED, and that the §2254 Petition for a Writ of Habeas Corpus be DISMISSED

WITH PREJUDICE.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

```
                              _____
                              ALAN C. TORGERSON
                              UNITED STATES MAGISTRATE JUDGE
```